*J. N. Flowers,* for Appellant;

*Shutts & Bowen,* for Appellee.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the decree herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said decree; it is, therefore, considered, ordered and decreed by the Court that the said decree of the circuit court be, and the same is hereby affirmed.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J. concur.

JOHN L. DEVENEY and MAUDE DEVENEY, his wife, *Appellants;* v. HUGO FALKENSTEIN and WALTER FALKENSTEIN, Co-partners Doing Business as Miami Builders Hardware, *Appellees.*

Division B.

Decision filed February 8, 1930.

*Robert R. Taylor, Jr.,* and *George Campbell,* for Appellants;

*McIlvaine & Ray,* for Appellees.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the decree herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said decree; it is, therefore, considered, ordered and decreed by the Court that the said decree of the circuit court be, and the same is hereby affirmed.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur.

EMIL C. POKORNY and IDA B. POKORNY, his wife, and ALMA B. MOSES, a *feme sole, Appellants,* v. AARON H. HURFF, *Appellee.*

Division B.

Decision filed February 8, 1930.

Petition for rehearing denied February 27, 1930.

*Knight, Pace & Holt,* for Appellants;

*W. F. Brown, Roy S. Wood* and *Reeves Bowen,* for Appellee.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the decree herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its